**SOUTHWEST REGION SCHOOL DISTRICT, Appellant,**

v.

**DEPARTMENT OF EDUCATION OF the STATE of Alaska, Appellee.**

No. S–1030.

Supreme Court of Alaska.

Aug. 22, 1986.

W. Richard Fossey and Peggy A. Roston, Bankston & McCollum, Anchorage, for appellant.

Bruce M. Botelho, Sp. Asst. Atty. Gen., and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

MATTHEWS, Justice.

The Cigarette Tax Act, AS 43.50.-010–.180, dedicates the revenues it produces to a state fund entitled the "School Fund." The School Fund is to be used exclusively to construct, repair, and insure public school facilities in the state. AS 43.50.140.[1]

Appellant Southwest Region School District, a regional education attendance area (REAA), brought this action seeking a declaration that the Cigarette Tax Act or a regulation promulgated thereunder re-

---

1. The Alaska Constitution generally prohibits dedicated funds except for funds preexisting ratification of the Constitution. Alaska Const. art. IX, § 7. The School Fund was created by the Territorial Legislature in 1949 and thus is permitted by the Constitution.

quires the Department of Education to directly distribute cigarette tax funds to it and other REAAs. Following cross motions for summary judgment, a final judgment was entered declaring that the District was not entitled to direct payment of cigarette tax monies under the statute or the regulation. The District challenges both points on appeal. We affirm.

■ The statutory argument is easily answered. AS 43.50.140 requires payment of the Act's proceeds into the School Fund and it directs that the School Fund must be used for specified purposes related to school facilities. It does not suggest that any particular school or type of school is entitled to School Fund proceeds.[2] Cigarette Tax Act proceeds are in fact a very small portion of the money which the state pays each year to support public schools. Thus, the mere fact that School Fund proceeds are distributed unequally among school districts does not compel the conclusion that state aid as a whole is either unequal or inequitable. There is no express requirement in AS 43.50.140 that School Fund proceeds be distributed to any particular recipient and, in our view, there are no grounds for implying such a requirement.

Appellant's argument concerning the regulation is also without merit. 4 AAC 36.010(c) (eff. 5/10/78) provided in part:

> For distribution, cigarette tax moneys are divided into two major divisions
>
> (1) the regional educational attendance area districts' share is determined by the ratio between the average daily membership in all regional educational attendance area districts and the average daily membership for all school districts in the state;

(2) the share for city and borough school districts is determined by deducting the regional educational attendance area districts' share, determined under (1) of this subsection, from the total tax. Each district will receive a portion of this share in accordance with the following formula....

In 1984, this regulation was amended to delete all reference to REAAs.[3] The District has sought a distribution to all REAAs of cigarette tax proceeds for only two fiscal years, 1982 and 1983.

■ Even if the regulation were construed as requiring the state to make a distribution to REAAs, such a construction would not benefit them for fiscal year 1983. The legislature in that year appropriated all cigarette tax proceeds and a School Fund surplus as financial support for city and borough school districts.[4] Thus, the regulation would be inconsistent with, and subordinate to, the 1983 appropriation act.

■ For the fiscal year 1982, if the regulation required a direct distribution to REAAs, some $435,616.95 should have been distributed to them. However, during 1982 state funding for school construction in REAAs was $65,224,900.00. This sum more than offsets the assumed deficiency from the School Fund, and the state would be entitled to assert it as an offset. *State v. Weiss*, 706 P.2d 681, 684 (Alaska 1985).

AFFIRMED.

---

2. AS 43.50.140 provides:
   The proceeds derived from the payment of taxes, fees, and penalties, provided for under AS 43.50.010–43.50.180, and the license fees received by the department shall be paid into a state fund entitled "School Fund," and shall be used exclusively to rehabilitate, construct, and repair the state's school facilities, and for costs of insurance on buildings comprising school facilities during the rehabilitation, construction, and repair, and for the life of the buildings.

3. Following the 1984 amendment, 4 AAC 36.010(c) (eff. 9/22/84) provided in part:
   Cigarette tax moneys are distributed to city and borough school districts in accordance with the following formula....

4. Ch. 101, SLA 1982 at page 27, line 11. Seven million dollars was appropriated from the School Fund for payment to city and borough school districts. Cigarette tax proceeds for 1983 were $3,306,506.